■ MURRAY LEHMAN, Appellant, v. STEPHEN PARENTE, Respondent.— Plaintiff appeals from an order of the Supreme Court changing the place of trial from Sullivan County to Albany County on the ground that the convenience of witnesses and the ends of justice will be promoted thereby. The action is for false arrest and malicious prosecution. The transactions giving rise to the alleged cause of action took place in Albany County. It was within the province of the court at Special Term to find that several material witnesses, some law enforcement officials, reside in Albany County. A wide range of discretion should be allowed in determining motions of this nature, and we do not think there was any abuse of this discretion by the court below. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of NORMAN COHEN, Appellant, against BENJAMIN COHEN et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of SAM NUSSBAUM, Appellant, against MERCURY MESSENGER CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ BAYARD COOK, Appellant, v. ANNA E. YUHASZ, as Administratrix of the Estate of GUS G. YUHASZ, Deceased, Respondent. (Action No. 1.) ANNA E. YUHASZ, as Administratrix of the Estate of GUS G. YUHASZ, Deceased, Respondent, v. COUNTY OF ALBANY et al., Appellants. (Action No. 2.) — Appeals from so much of an order of the Supreme Court, Albany County as directed that plaintiff in Action No. 2 have the right to open and close upon the trial of two negligence actions ordered to be tried together without consolidation. Action No. 1 was first commenced by service of a summons but the complaint therein was not served until after service of the summons and complaint in Action No. 2, with the result that Action No. 2 was first at issue. No basis appears for questioning, as the attorney for Mr. Cook in his plaintiff's action would have us do, either the propriety or the effect of the extension of time to answer granted the attorneys for Mr. Cook in the action in which he is a defendant, upon the usual stipulation providing for "issue to remain as of original date." Neither do we find in this case grounds for granting plaintiff in Action No. 1 a preferred status, because the pretrial procedures in that action had been completed and the statement of readiness required by the special rule had been filed prior to completion of those steps in Action No. 2. There is some indication that here again Mr. Cook's attorneys in Action No. 2 obtained concessions which, in part at least, delayed preparation for trial, but the two actions nevertheless reached the same Trial Term Calendar. We find no occasion to disturb the determination reached by the court below in the reasonable exercise of its discretion. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ LUIGI TACINELLI, Respondent, v. ARDUINA FRASCATORE, Appellant, et al., Defendant.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of WILLIAM RICCIO, Appellant, against IRA S. BUSHEY & SONS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of CHARLES SCHLEIFER, Appellant, against NEWS SYNDICATE COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSA-